13-1462
Gurung v. Holder

BIA
Vomacka, IJ
A099 683 525
A099 683 526

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand fourteen.

PRESENT:
RALPH K. WINTER,
GUIDO CALABRESI,
ROSEMARY S. POOLER,
*Circuit Judges.*

_____

GHIRME GURUNG, HIRA GURUNG,
        *Petitioners,*

v.                                          13-1462
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:        Jason A. Nielson, Of Counsel,
                        Mungoven & Associates, P.C., New
                        York, New York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Edward J. Duffy, Senior
                        Litigation Counsel; Katherine A.

**Smith, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ghirme and Hira Gurung, natives and citizens of Nepal, seek review of a March 20, 2013, decision of the BIA, affirming the November 19, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, pretermitting Gurung's asylum application as untimely and denying him withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ghirme Gurung, Hira Gurung*, Nos. A099 683 525/526 (B.I.A. Mar. 20, 2013), *aff'g* Nos. A099 683 525/526 (Immig. Ct. N.Y. City Nov. 19, 2010).[*] We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we are without jurisdiction to consider Gurung's challenge to the IJ's pretermission of his

---

[*] Hira was included as a derivative beneficiary on Ghirme's asylum application. *See* 8 U.S.C. § 1158(b)(3)(A). This order refers to the lead applicant as "Gurung."

asylum application as untimely because he failed to exhaust his argument on appeal to the BIA, *see Karaj v. Gonzales*, 462 F.3d 113, 119 & n.2 (2d Cir. 2006). Because the BIA explicitly declined to consider the IJ's burden of proof finding, the only issue before us is the agency's denial of withholding of removal and CAT relief on credibility grounds. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's adverse credibility determination.

The IJ reasonably relied on Gurung's demeanor, noting that he was often unresponsive, particularly on cross-

3

examination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also*
*Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).
This demeanor finding was bolstered by specific examples of
contradictory statements.  *See Li Hua Lin v. U.S. Dep't of*
*Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still
more confident in our review of observations about an
applicant's demeanor where, as here, they are supported by
specific examples of inconsistent testimony.").  Indeed, the
IJ reasonably found inconsistencies in the record related to
whether Maoists attacked Gurung in the morning or the
evening, and whether his wife has more than one name.
Gurung did not explain these inconsistencies.

Having questioned Gurung's credibility, the agency
reasonably relied further on his failure to provide
corroborating evidence.  *See Biao Yang v. Gonzales*, 496 F.3d
268, 273 (2d Cir. 2007) (providing that an applicant's
failure to corroborate testimony may bear on credibility,
either because the absence of particular corroborating
evidence is viewed as suspicious, or because the absence of
corroboration in general makes an applicant unable to
rehabilitate testimony that has already been called into
question).  Given the demeanor, inconsistency, and

4

corroboration findings, the agency reasonably found Gurung not credible, and denied him withholding of removal and CAT relief.  *See Xiu Xia Lin*, 534 F.3d at 163-66; *see also Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk